[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
The issue is whether the defendants' motion to strike Count Two of the plaintiff's complaint should be granted.
On March 8, 1998, the plaintiff Shelby Papp, administratrix of the Estate of Frederick G. Papp (plaintiff's decedent), filed a two count amended complaint sounding in negligence and recklessness against the defendant Carl Fritz (Mr. Fritz) and Metro North.[1] On July 12, 1995, a Metro North train operated by Mr. Fritz struck the plaintiff's decedent while he was walking on a railroad track over pass. The plaintiff's decedent suffered numerous injuries which eventually lead to his death.
On March 17, 1998, Mr. Fritz and Metro North filed a motion strike Count Two of the plaintiff's amended complaint on the ground that she has failed to allege sufficient facts to support a recklessness claim. Mr. Fritz and Metro North argue that the plaintiff simply realleged facts in Count Two that were used to support her negligence claim in Count One.
The plaintiff counters that she has alleged sufficient facts in Count Two to support a recklessness claim.
Willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Dubay v. Irish, 207 Conn. 518, 533,542 A.2d 711 (1988). In order to state a legally sufficient cause of CT Page 5566 action for recklessness, a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. Vega v. Williams, Superior Court, judicial district of New London at New London, Docket No 540748 (July 17, 1997, Hurley, J.).
The plaintiff has not simply re-characterized her negligence count as a recklessness count. In Count Two, the plaintiff alleges that the defendants, Metro North and Mr. Fritz, were reckless in that they operated a locomotive at a speed that was highly unreasonable under the circumstances, "which included that it was night time, that there is a sharp curve in the track just before the location of the accident that restrict visibility . . . all of which constitute an extreme departure form ordinary care in a situation where a high degree of danger is apparent." (Amended Complaint, Count Two, ¶ 11(a).) The plaintiff also alleges in Count Two that Metro North was reckless because it permitted Mr. Fritz to operate a locomotive, "when it knew that he had been involved in numerous fatalities in the pact, which conduct is highly unreasonable . . . as it exhibits a reckless indifference to persons in a situation where a high degree of danger is apparent." (Amended Complaint, Count Two, ¶ 11(b)).
Count Two of the plaintiff's complaint employs language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied upon. Vega v. Williams, supra, Superior Court, Docket No 540748 (July 17, 1997, Hurley, J.). Construing the facts alleged in the complaint in the light most favorable to the plaintiff, the court concludes that the plaintiff has alleged sufficient facts in Count Two to support a recklessness claim. Therefore, the defendant's motion to strike Count Two of the plaintiff's complaint is denied.
KULAWIZ, J.